UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
SHAREEF RASHEED,                          :        CASE NO. 1:16-CV-1888
                                          :
         Plaintiff,                       :
                                          :
vs.                                       :        OPINION & ORDER
                                          :
AALIYAH BEY, *et al*.,                    :
                                          :
         Defendants.                      :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

**Introduction and Background**

On July 27, 2016, *pro se* plaintiff Shareef Rasheed filed this *in forma pauperis* civil action, captioned as a "Tort Action," against Aaliyah Bey, Judge Francine Goldberg, and Alexandria Ruden. (Doc. No. 1.) On August 11, 2016, plaintiff filed a "Claim Modification, also captioned as a "Tort Action," adding Joan Pellegrin and Nailah K. Byrd as defendants. (Doc. No. 7.) The Court will construe the plaintiff's "Claim Modification" as an amended complaint filed pursuant to Fed. R. Civ. P. 15(a)(1)(A).

The plaintiff alleges the "the wrongdoer(s) planned a trespass by: extortion and robbery [and are] interfering with my right and administrating property that . . . belongs to [me] without any rights or my consent." (*See* Doc. No. 7.) He seeks "restoration" of his unidentified property and damages.    The plaintiff does not allege an intelligible factual basis to support his claims, but the attachments to his original complaint indicate he disputes a 2015 domestic

violence civil protection order and a 2015 judgment entry of divorce issued by the Domestic Relations Division of the Cuyahoga Court of Common Pleas involving the plaintiff and his ex-wife, Aaliyah Bey.

Defendants Goldberg, Pellegrin, and Byrd have filed a motion to dismiss the plaintiff's action for lack of federal subject-matter jurisdiction and for failure to state a claim on which relief may be granted. (Doc. No. 10.) The plaintiff has responded to the motion.

For the reasons stated below, the Court agrees with the moving defendants that this action must be dismissed for lack of subject-matter jurisdiction.

## Discussion

Federal courts are courts of limited jurisdiction, and a party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear a case. *Kokkenen v. Guradian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have subject-matter jurisdiction only over civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over cases between citizens of different state where the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332. To demonstrate federal subject-matter jurisdiction on the basis of a federal question, a federal question must be presented on the face of the plaintiff's well-pleaded complaint. *Mich. South. R.R. Co. v. Branch St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 573 (6th Cir. 2002).

The plaintiff has not demonstrated either federal question or diversity jurisdiction in this case. There is no diversity jurisdiction because the plaintiff represents that all of the parties are citizens of the same state. Further, the plaintiff has not articulated a cognizable federal

question, and no federal question is reasonably discernible on the face of his pleading.

Rather, the plaintiff's complaint liberally construed purports to challenge judgments rendered by a state domestic relations court. Federal district courts lack the power to review decisions rendered by state courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the United States Supreme] Court").

**Conclusion**

Accordingly, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, but for the reasons stated above, the moving defendants' motion to dismiss the case for lack of subject-matter jurisdiction is granted and this action is dismissed against all defendants. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: September 27, 2016          *s/ James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE